**In re GOVERNMENT AUTO FLEET
SALES Antitrust Litigation.**
**Docket No. 65.**
Judicial Panel on Multidistrict Litigation.
June 21, 1971.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL *, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This matter is before the Panel pursuant to its order directing the parties to the actions listed on Schedule A to show cause why those actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. Responses were received from all interested parties and a hearing was held in Washington, D. C., to hear argument on the proposed transfer. The parties seem to agree that, with one exception,[1] these cases share common questions of fact and that the convenience of the parties and their witnesses would be served by transferring them to a single district. The disagreement among the parties relates to the method of transfer and to the selection of the transferee district.

All plaintiffs strongly urge the immediate transfer of all pending cases to the Southern District of New York for coordinated or consolidated pretrial proceedings with the cases originally filed in that district. The defendants do not oppose transfer under section 1407 but

---

* Judges Edward Weinfeld and Stanley A. Weigel were unable to attend the hearing in this matter but, with the consent of all parties, have participated in this decision.

1. All parties agree that the *Merit Motors Case* (a case brought by an automobile dealer *opposed* to discounts to commercial fleet purchasers) should not be included with the actions brought by states and other government entities urging that governmental fleet discounts should be *reinstated*. Although there may be some overlapping discovery, we do not believe that the inclusion of this case would promote the just and efficient conduct of this litigation and it will not be included in this transfer order. If a substantial number of cases of this type are filed they may be appropriate for treatment under § 1407.

would prefer to have all related cases transferred to a single district, preferably the Eastern District of Michigan, *for all purposes* under 28 U.S.C. § 1404 (a). They have therefore filed section 1404(a) motions in each of the districts in which these actions are now pending and they urge us to postpone our decision until these motions are decided. The defendants suggest that a favorable ruling on the motion filed in the New York cases could lead the way to the transfer of all cases to one district for all purposes under section 1404(a).[2] That possibility no longer exists for the two judges who have ruled on their 1404(a) motions have denied them.[3]

Since all parties agree that there are many substantial and complex questions of fact common to all of these cases, a detailed analysis of them will not be necessary. Prior to 1970, the three major domestic automobile manufacturers, Ford, Chrysler and General Motors, offered discounts to volume purchasers of motor vehicles. The automobile dealers generally opposed fleet discounts contending that they, not the fleet purchasers, should be receiving the manufacturers lowest price. The plaintiffs assert that in the spring of 1970, each of the three major automobile manufacturers, allegedly in response to pressures brought by the National Automobile Dealers Association, ended their discounts to government fleet buyers.

Each of the plaintiffs allege, in substantially similar language, that the defendants have engaged in a combination and conspiracy to reduce competition in governmental fleet sales. Injunctive relief and treble damages are sought. As in most multidistrict private treble damage antitrust litigation, the existence,

scope and effect of the conspiracy involve factual matters common to all cases. In re Concrete Pipe Cases, 302 F. Supp. 244 (Jud.Pan.Mult.Lit.1969).

The plaintiffs make a strong argument for transfer to the Southern District of New York while the defendants, relying on their 1404(a) pleadings, make a strong argument for transfer to the Eastern District of Michigan. The defendants contend that any conspiracy involving the domestic automobile manufacturers would be centered in Detroit and that the relevant documents and witnesses would be located there. More significantly they point out that a federal grand jury investigation was commenced there on the subject of fleet pricing policies and that the New York plaintiffs have sought many of the same documents which will have to be produced for the grand jury.

The plaintiffs favor the Southern District of New York primarily because many of the actions were filed there and because some discovery has already taken place in those actions. They also point out that the defendants have offices in New York and that certain of the witnesses whose depositions will undoubtedly be taken have their offices in the defendants' New York headquarters.

Both arguments have some merit but neither is compelling. While it is true that certain relevant documents have been produced in Detroit pursuant to a grand jury subpoena, and may have to remain there, there is no reason why the documents cannot be inspected there and, if authorized, copies made for use by the parties. The fact that none of these actions (or any tag-along cases that we are aware of) were filed in the Eastern District of Michigan and that none of plain-

2. Defendants urge the Panel's decision in the Deering-Milliken Patent Litigation, 328 F.Supp. 504 (Jud.Pan.Mult.Lit.1970) supports their position. It is true that we declined to order transfer under section 1407 in the *Deering-Milliken Cases* because there appeared to be a real possibility that the multidistrict aspect of that litigation would be eliminated by transfers under section 1404(a) and in

fact it was. However the circumstances there were wholly unlike those present in the cases now before us.

3. Judge John Morgan Davis denied the motion to transfer the *City of Philadelphia Case* on March 18, 1971 and Chief Judge George H. Boldt denied the motion to transfer the *State of Washington Case* on May 13, 1971.

tiffs' counsel have offices in Detroit would cause the plaintiffs substantial inconvenience if pretrial proceedings were held in that District.[4] Defendants' attempt to support their choice of transferee court by pointing out that many of their employers will undoubtedly have to be deposed and that such deposition should take place in the Detroit area. We certainly agree that depositions should generally be taken where the witness resides but this can be done regardless of which District is selected as the transferee court. In short, the fact that certain documents and witnesses are located in the Detroit area does not compel the transfer of these cases to the Eastern District of Michigan.

The situation is similar with regard to the documents and witnesses located in New York City. The documents can be inspected in New York, or copies can be made and sent to a more convenient location, and the local witnesses can be deposed there regardless of the district to which these cases are transferred.[5] Although some discovery has taken place in New York, it is not of such a magnitude as to justify the transfer of these cases to the Southern District of New York.

It seems apparent that this litigation is in its early stages. Actions have been commenced by at least twelve states and two cities.[6] They were filed in four different districts from Washington to New York. It is quite likely that other similar actions will be filed by other states in other districts and as this litigation becomes more national in scope the justification for transferring the cases to the Southern District of New York or any other East Coast location will diminish. With national litigation of this type it is sometimes necessary to transfer the cases to a more central location. In re Butterfield Patent Litigation, 328 F.Supp. 513 (Jud.Pan.Mult.Lit.1970). The Northern District of Illinois has many advantages over the districts proffered by the parties. It is centrally located and is easily accessible from all parts of the country. The action filed there has been assigned to one judge for all purposes and under that court's practice all related actions filed in or transferred to that District will be assigned to him.

It is therefore ordered that the actions listed on the attached Schedule A (with the exception of the *Merit Motors Co. Case*) are hereby transferred to the Northern District of Illinois and with the consent of that court, assigned to the Honorable Frank J. McGarr for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.

## SCHEDULE A

### District of Columbia

| | | |
|---|---|---|
| 1. | Merit Motors, Inc., et al. v. Chrysler Corporation, et al. | Civil Action No. 2000–70 |

### Eastern District of Pennsylvania

| | | |
|---|---|---|
| 2. | City of Philadelphia, Pennsylvania v. General Motors Corporation, et al. | Civil Action 70–2753 |

4. The court might also experience some difficulty if there were no "local counsel" for plaintiffs who could serve as liaison counsel and distribute orders and notices for the court. See Manual for Complex and Multidistrict Litigation, § 1.9.

5. Upon request of the transferee judge, the Panel will assign a judge or judges to supervise deposition in Detroit, New York and wherever they are needed.

See Manual for Complex and Multidistrict Litigation, § 2.32.

6. Two of these cases: State of Connecticut, etc. v. General Motors Corp., et al., N.D.Ill. No. 71 C 830 and State of Colorado v. General Motors Corp., et al., S.D.N.Y. No. 71 Civ. 1216 were filed too late to be included in the show cause and hearing orders and are not covered by this order.

## Southern District of New York

3. The State of Oklahoma v. General Motors Corpo-    Civil Action
   ration, et al.    70 Civ 4246
4. The State of Texas v. General Motors Corporation,    Civil Action
   et al.    70 Civ 4247
5. The State of Arizona v. General Motors Corpora-    Civil Action
   tion, et al.    70 Civ 4248
6. The State of Florida v. General Motors Corpora-    Civil Action
   tion, et al.    70 Civ 4249
7. The State of Iowa v. General Motors Corporation,    Civil Action
   et al.    70 Civ 4250
8. The State of Vermont v. General Motors Corpora-    Civil Action
   tion, et al.    70 Civ 4251
9. The City of New York, et al. v. General Motors,    Civil Action
   et al.    70 Civ 4245
10. The State of Louisiana v. General Motors Corpo-    Civil Action
    ration, et al.    70 Civ 5385
11. The State of Alabama v. General Motors Corpora-    Civil Action
    tion, et al.    70 Civ 5697
12. The State of Missouri v. General Motors Corpo-    Civil Action
    ration, et al.    70 Civ 5756

## Western District of Washington

13. State of Washington v. General Motors Corpora-    Civil Action
    tion, et al.    4233