**In re TRANSIT COMPANY TIRE ANTI-TRUST LITIGATION.**

**No. 111.**

Judicial Panel on Multidistrict Litigation.

Nov. 17, 1972.

## OPINION AND ORDER

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

Five private treble damage antitrust actions have been brought in five different districts against the major manufacturers of special mileage commercial tires used by transit companies. Plaintiffs in one of the actions moved the Panel for an order, pursuant to 28 U.S.C. § 1407, transferring these cases to a single district for coordinated or consolidated pretrial proceedings. All parties agree that these actions should be transferred to a single district for pretrial proceedings, but disagree on the selection of the transferee district. On the basis of the papers filed and the hearing held, we find that these actions involve common questions of fact and that transfer to the Western District of Missouri will best serve the convenience of all parties and witnesses and will fur-. ther the just and efficient conduct of the litigation.

In each action the same defendants [1] are charged with combining and conspiring, in violation of Sections 1 and 2 of the Sherman Act, to make special mileage commercial tires available to transit companies only under leasing arrangements that allegedly preclude the transit companies from changing their supplier. The antitrust allegations clearly involve factual matters common to all cases and all parties will benefit from a pretrial

---

* Judge Alfred P. Murrah took no part in the consideration or decision of this matter.

1. Firestone Tire & Rubber Co., General Tire & Rubber Co., B. F. Goodrich Co., Goodyear Tire and Rubber Co., and Uniroyal, Inc.

program supervised by a single judge. Furthermore, at least three of the cases contain similar nationwide class action allegations and transfer to a single district eliminates the possibility of inconsistent class determinations.

The only question disputed by the parties is the selection of the transferee district. The Central District of California, the Eastern District of Pennsylvania and the Western District of Missouri are asserted by different groups of plaintiffs as the most appropriate transferee forum. The defendants, whose principal offices are either in Akron, Ohio or Detroit, Michigan, prefer the Western District of Missouri. We find the arguments favoring the Western District of Missouri the most persuasive.

At present, actions are pending in four widely-separated states—Florida, Pennsylvania, California and Missouri. Because of Kansas City's geographically central location, it is easily accessible from all parts of the country and provides a more convenient forum to *all* parties than either Los Angeles or Philadelphia. Furthermore, it is quite likely that similar actions will be filed in other districts and as this litigation becomes more national in scope any justification for transferring the cases to either an East or West Coast location will diminish. *Cf.*, In re Government Auto Fleet Sales Antitrust Litigation, 328 F.Supp. 218, 219 (Jud.Pan.Mult.Lit.1971); In re Air Fare Litigation, 322 F.Supp. 1013, 1015 (Jud.Pan.Mult.Lit.1971). Another factor favoring the Western District of Missouri as the transferee district is the current status of its civil docket.[2] See In re Kauffman Mutual Fund Actions, 337 F.Supp. 1337, 1340 (Jud.Pan.Mult. Lit.1972).

It is therefore ordered that all actions on the attached Schedule A pending in

districts other than the Western District of Missouri be, and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Elmo B. Hunter for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

### SCHEDULE A
#### Central District of California

| | |
|---|---|
| Southern California Rapid Transit District, et al v. Goodyear Tire & Rubber Co., et al. | Civil Action No. 72–1479–FW |

#### Northern District of California

| | |
|---|---|
| City and County of San Francisco v. Goodyear Tire & Rubber Co., et al. | Civil Action No. 72–1183–RFP |

#### Eastern District of Pennsylvania

| | |
|---|---|
| City of Cleveland, etc. v. Goodyear Tire & Rubber Co., et al. | Civil Action No. 72–718 |

#### Southern District of Florida

| | |
|---|---|
| Dade County v. Goodyear Tire & Rubber Co., et al. | Civil Action No. 72–826–Civ–NCR |
| Uniroyal Inc. v. Transit Co. of the Palm Beaches, Inc., et al. | Civil Action No. 71–1672–Civ–CF |

#### Western District of Missouri

| | |
|---|---|
| D. L. Brenner, et al. v. Goodyear Tire & Rubber Co., et al. | Civil Action No. 20411–4 |

2. The most recent statistics indicate the following median intervals from filing of a civil complaint to trial:
   Western District of Missouri—9 months
   Central District of California—10 months
   Eastern District of Pennsylvania—32 months
   *See* 1972 Annual Report of the Director of the Administrative Office of the United States Courts, Table C–10 at A–38.