## In re GOVERNMENT AUTO FLEET SALES ANTITRUST LITIGATION.

### No. 65.

Judicial Panel on Multidistrict Litigation.
Dec. 5, 1972.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

In our initial opinion and order in this litigation we concluded that twelve treble

* Judge Alfred P. Murrah took no part in the consideration or decision of this matter.

damage antitrust actions, each asserting a conspiracy among the defendant automobile manufacturers to eliminate discounts previously offered to state and local governments as volume purchasers of motor vehicles, should be transferred to a single district for pretrial proceedings. We selected the Northern District of Illinois as the transferee district because of its central location and easy accessibility. In re Government Auto Fleet Sales Antitrust Litigation, 328 F. Supp. 218 (J.P.M.L.1971).

The three actions listed on Schedule A contain similar allegations of a conspiracy to eliminate discounts to volume purchasers of automobiles. The plaintiffs in these actions, however, are not state and local governments but taxicab companies and automobile rental and leasing companies who seek to recover for all other commercial fleet operators pursuant to Rule 23, Fed.R.Civ.P. Defendants General Motors and Ford have moved for the transfer of these actions to the Northern District of Illinois for coordinated or consolidated pretrial proceedings with the previously transferred cases. Defendant Chrysler and the plaintiffs agree that the three actions should be transferred to a single district for pretrial proceedings, but urge that they be kept separate from the government fleet cases by transfer to a district other than the Northern District of Illinois. After reviewing the briefs and hearing argument on the matter, we order the actions transferred to the Northern District of Illinois.

Each of the defendant automobile manufacturers apparently operated two separate discount programs, one for government purchasers and one for commercial fleet operators. And each manufacturer apparently terminated or altered the government fleet program by announcements in late April and early May 1970 and the commercial fleet program by announcements in late May 1970.

Chrysler and the plaintiffs emphasize the differences in the terms of the programs and in their termination dates as support for their contention that coordinated or consolidated pretrial proceedings separate from those in the government cases are necessary. These differences in the cases are outweighed, however, by their common features.

Although the method of allowing discounts varied, it appears that the operation of the two programs was interrelated and Ford and General Motors assert that many of the same executives were involved in both operations. And the plaintiffs themselves rely on this commonality by alleging that the announcement of the discontinuance of government fleet discounts was made to verify each manufacturer's desire to agree to the joint elimination or reduction of commercial fleet discounts. For this reason the parties to each case will be interested in inspecting many of the same documents and interviewing many of the same witnesses as the parties to the government fleet cases.

It is therefore ordered that the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Northern District of Illinois for pretrial proceedings before Judge Frank J. McGarr with the other actions in this litigation previously transferred by the Panel.

SCHEDULE A

**Southern District of New York**

| | |
|---|---|
| Major Service Co., Inc., et al. v. Ford Motor Co., et al. | Civil Action No. 72 Civ. 2340 |

**Southern District of Florida**

| | |
|---|---|
| Zilber Taxi Service, Inc. v. General Motors Corporation, et al. | Civil Action No. 72–914 |

**District of Columbia**

| | |
|---|---|
| Auto Discount Rent–N–Drive Systems, Inc., v. General Motors Corporation, et al. | Civil Action No. 1380–72 |