In re **TOILET SEAT ANTITRUST LITIGATION.**
No. 184.

Judicial Panel on Multidistrict Litigation.
Jan. 17, 1975.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL *, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

■■ This litigation consists of seven private treble damage antitrust actions: four instituted in the Northern District of Illinois and one each in the Eastern District of Michigan, the Eastern District of Pennsylvania and the District of the District of Columbia. The actions were spawned by a criminal indictment and a companion Government civil enforcement action filed in the Eastern District of Michigan[1] against Olsonite Corporation, Bemis Manufacturing Co., Beatrice Foods Co., Standard Tank & Seat Co. and three individuals for Sherman Act violations resulting from an alleged conspiracy to fix the price of wood-flour toilet seats. Olsonite and Bemis move the Panel for an order transferring all of the private actions to the Eastern District of Michigan pursuant to 28 U.S.C. § 1407 and Beatrice moves for transfer of the same actions to the Northern District of Illinois. All responding parties favor transfer but disagree on the location of the appropriate transferee forum.

We find that the actions listed on the attached Schedule A share common questions of fact and that their transfer to the Eastern District of Michigan for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will be for the convenience of parties and witnesses and promote the just and efficient conduct of this litigation.

All plaintiffs, purporting to represent various classes of direct and indirect toilet seat purchasers, have tracked the allegations in the Government actions and allege that defendants conspired to fix the price of their wood-flour toilet seats in violation of Section 1 of the Sherman Act. As all parties recognize, common factual questions are predominate in these actions warranting their transfer for coordinated or consolidated pretrial proceedings pursuant to Section 1407. Moreover, because of the overlapping and conflicting Rule 23 allegations, transfer is appropriate to avoid inconsistent class action determinations. *See, e. g.*, In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1385–1386 (Jud.Pan.Mult. Lit.1974).

Defendant Beatrice and plaintiffs in all four of the actions in the Northern District of Illinois favor transfer to that district while all other parties, with one exception,[2] favor transfer to the Eastern District of Michigan. The parties favoring the Northern District of Illinois note that a majority of the actions in this litigation are pending there; that discovery in the Illinois actions has already begun; and that that district is the situs of one of the commonly alleged conspiratorial acts. They argue that in the event the Eastern District of Michigan is selected as the transferee forum, the litigation will likely be stayed until disposition of the Government criminal action pending there and that transfer to that district may result in prejudicial

---

\* Although Judges Lord and Weigel were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. United States of America v. Beatrice Foods Co., et al., E.D.Michigan, Criminal No. 4–82165; United States of America v. Beatrice Foods Co., et al., E.D.Michigan, Civil Action No. 4–71922.

2. Plaintiffs in Yorkshire Apartment Company, et al. v. Beatrice Foods Co., et al., D.D.C., Civil Action No. 74–1100, suggest the District of the District of Columbia as the transferee forum. Other than the fact that one action has been instituted there, that district has no connection with this litigation and we reject it as an appropriate situs for these Section 1407 proceedings.

pretrial publicity unnecessarily affecting the criminal proceeding.

The arguments advanced by the parties favoring transfer to the Northern District of Illinois, some of which are highly speculative, are not persuasive in the circumstances of the instant litigation. Although some discovery has commenced in the actions pending in the Northern District of Illinois, it has been very limited and involves only one of the common defendants. No valid reason has been given to support the suggestion that transfer to the Eastern District of Michigan will unreasonably hamper or retard discovery in these actions.

More critically, however, the documents upon which the grand jury relied in returning its indictment and which underlay the Government's civil action are under the control of the court in the Eastern District of Michigan and have been ordered impounded by that court. It is apparent that a great deal of coordination will be necessary between the discovery which all plaintiffs seek here and the proceedings in the United States' actions. Tremendous success has been achieved in other multidistrict litigation, such as the *Government Auto Fleet Litigation*, through the cooperation of all the judges and parties involved in coordinating discovery in the private treble damage actions with that in the Government criminal and civil actions. Because neither of the Government actions is subject to transfer under Section 1407, such coordination in this litigation[3] can best be achieved by transferring all actions to the Eastern District of Michigan.[4]

It is therefore ordered that all actions on the attached Schedule A pending in districts other than the Eastern District of Michigan be, and the same hereby are, transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Damon J. Keith for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the action pending in that district and listed on Schedule A.

### SCHEDULE A

#### Northern District of Illinois

| | |
|---|---|
| Harvey Lumber Co., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74 C 2008 |
| Nadolna Bros. Co., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74 C 1891 |
| The Robino-Ladd Co., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74 C 1860 |
| S & L Engineering Co., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74 C 1917 |

#### Eastern District of Michigan

| | |
|---|---|
| Muskovitz & Pershin & Sons, Inc., et al. v. Olsonite, et al. | Civil Action No. 4–72280 |

#### Eastern District of Pennsylvania

| | |
|---|---|
| Arthur A. Kober Co., Inc., et al. v. Beatrice Foods Co., et al. | Civil Action No. 74–2084 |

#### District of the District of Columbia

3. In In re Government Auto Fleet Sales Antitrust Litigation, 328 F.Supp. 218 (Jud. Pan.Mult.Lit.1971), we transferred several private treble damage actions to the Northern District of Illinois although Government civil and criminal actions were pending in the Eastern District of Michigan. Unlike the instant litigation, however, none of the private actions was pending in the Eastern District of Michigan at the time the order of transfer was entered. *Id.* at 219–220.

4. *See, e. g.,* In re Ampicillin Antitrust Litigation, 315 F.Supp. 317, 319 (Jud.Pan.Mult. Lit.1970) and In re Mutual Fund Sales Antitrust Litigation, 361 F.Supp. 638, 640 (Jud. Pan.Mult.Lit.1973) (transfer to situs of Government civil action); In re West Coast Bakery Flour Antitrust Litigation, 368 F. Supp. 808, 809 (Jud.Pan.Mult.Lit.1974) and In re Refrigerant Gas Antitrust Litigation, 334 F.Supp. 996, 998 (Jud.Pan.Mult.Lit. 1971) (transfer to situs of Government criminal action).