**In re SUGAR INDUSTRY ANTI-
TRUST LITIGATION.**

**No. 201.**

Judicial Panel on Multidistrict Litigation.
June 2, 1975.

**OPINION AND ORDER**

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM[*], EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

I. *Background of the Litigation*

On December 19, 1974, the United States filed two criminal actions and three civil injunctive actions in the Northern District of California against several sugar refiners, charging them with violations of the Sherman Antitrust Act, 15 U.S.C. § 1. In the first indictment the government alleged that defendants Great Western Sugar Co., Holly Sugar Corp., California and Hawaiian Sugar Co. (C&H), American Crystal Sugar Co., Amalgamated Sugar Co. and unnamed co-conspirators unlawfully conspired to fix the price of sugar in the area known within the industry as the Chicago-West territory. One of the civil actions was identical to this indictment except for the addition of the National Sugarbeet Growers Federation, an agricultural cooperative, as a defendant. In the second indictment and a

---

[*] Although Judge Wisdom was not present at the hearing, he has, with the consent of all parties, participated in this decision.

companion civil action the government charged defendants C&H, Holly, Consolidated Foods Corp. and unnamed co-conspirators with unlawfully conspiring to fix the price of sugar in the area known within the industry as the California-Arizona territory. The third civil action contained allegations that defendants C&H, Utah-Idaho Sugar Co. and unnamed co-conspirators unlawfully agreed to prevent and suppress the sale of private label sugar in the area known within the industry as the Intermountain-Northwest territory.

Subsequently, 21 private actions concerning alleged anti-trust violations in the sugar industry were filed in four different districts: nine in the Northern District of California, nine in the Northern District of Illinois, two in the Western District of Washington and one in the District of Minnesota.[1] Taken as a whole, they involve the same defendants as those in the five government actions with the addition of Spreckels Sugar Co. and, for the most part, involve allegations that track one or more of the allegations asserted in the government's actions. All 21 actions, except for one of the Washington actions, are brought as class actions on behalf of various purchasers of sugar.

Every private action, except the Minnesota action, is now before the Panel for Section 1407 consideration as a result of three motions by certain defendants to transfer some or all of these actions and a show cause order issued by the Panel.[2] Defendants C&H and the Union Sugar Division of Consolidated Foods Corp. separately move the Panel to transfer the entire litigation to the Northern District of California. Defendants Amalgamated, Great Western, Holly and the National Sugarbeet Growers Federation jointly move the Panel to separate and transfer to the District of Colorado all the actions or claims concerning the Chicago-West territory. Baldi Candy Co., plaintiff in one of the Illinois actions, supports the motion to separate the Chicago-West actions and claims, but contends that they should be transferred to the Northern District of Illinois. The plaintiffs in the two Washington actions and defendant Spreckels oppose transfer of the Washington actions. Most of the remaining parties favor transfer of all actions to California.

■ We find that these actions involve common questions of fact and that their transfer to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

II. *The Question of Transfer*

The real issue confronting us is whether the entire litigation should be transferred to a single district under Section 1407 or whether the litigation should be split between two or more transferee forums.

Several defendants and one plaintiff maintain that the actions and claims concerning the Chicago-West market are factually distinct from the rest of the litigation and should therefore be treated separately. They contend that the Chicago-West aspect of the litigation involves a different geographic market, mostly different parties and witnesses, and a different alleged conspiracy.

The plaintiffs in the two Washington actions and defendant Spreckels argue that the Washington actions bear virtually no resemblance to the government actions or the other private actions and should therefore remain in the Western District of Washington. These parties contend that the Washington complaints, instead, are based upon an earlier ac-

---

1. In addition, the parties anticipate several tag-along actions. *See* Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259–60 (1975).

2. The Minnesota action was filed after the motions were made and the show cause order was issued. On the day of the Panel hearing, the Minnesota plaintiffs agreed to be bound by this decision and, since all the defendants in that action are already before the Panel, it is included in the transfer we are herewith ordering under Section 1407.

tion, 1812 Distributing Corp. v. Utah-Idaho Sugar Co., Civil Action No. 633–72C2 (W.D.Wash., filed October 4, 1972), which is assigned to the Honorable George H. Boldt. They also maintain that Judge Boldt has gained a familiarity with the two actions now before the Panel, which he has consolidated before himself with the *1812* action, and that transfer would result in a loss of his expertise.

We reject these requests to divide the litigation and are persuaded that all the private actions, regardless of the market area involved, share common questions of fact on the economic and conspiratorial issues. At the very least, C&H's presence as a defendant in every action, which obviously includes all three market areas, certainly gives rise to common factual issues. Thus, transfer of all actions to a single district for coordinated or consolidated pretrial proceedings will prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings. Discovery on any non-common issues or any issues unique to a particular market area or a particular defendant can proceed concurrently with discovery on the common issues. *See* In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit. 1974).

Assuming *arguendo* that separate conspiracies are involved, based on the three different market areas, we still reject the contention that either the Chicago-West actions and claims or the Washington actions should be carved away from the remainder of the litigation for separate Section 1407 proceedings. We previously confronted a similar problem in In re Plumbing Fixture Cases, 295 F.Supp. 33 (Jud.Pan.Mult.Lit. 1968), wherein one group of defendants objected to Section 1407 proceedings on the grounds that the actions were based upon separate conspiracies, that discovery would not be common to all actions and that their group of defendants would be prejudiced by coordinating discovery in their actions with discovery in the other actions in which they were not parties and had no interest. Although we recognized the separability of the alleged conspiracies, we nevertheless transferred all the actions to one district. In so doing, we found that the actions shared common questions of fact on the economic, technical and conspiratorial issues, and left to the transferee judge the sole power to determine in his discretion the order and procedures for conducting separate pretrial proceedings with respect to the separate alleged conspiracies. Likewise, in In re Midwest Milk Monopolization Litigation, 379 F. Supp. 989 (Jud.Pan.Mult.Lit. 1974), certain parties argued that transfer was inappropriate since different geographic markets were involved. We again rejected the invitation to bifurcate the litigation and ordered all actions transferred to a single district under Section 1407. In the instant litigation, also, the benefits to be gained from having all actions under the supervision of a single judge outweigh any arguments favoring a division of the litigation for pretrial proceedings according to geographic markets or alleged conspiracies.

■ There is another highly persuasive reason for transferring all these actions to one district for pretrial proceedings. We have consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists. *See, e. g.*, In re Plywood Antitrust Litigation, 376 F.Supp. 1405, 1406 (Jud.Pan.Mult.Lit. 1974); In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1385–86 (Jud.Pan.Mult.Lit. 1974). Here, all but one of the actions contain Rule 23 class allegations, some of which overlap or duplicate each other, and, therefore, the need for Section 1407 treatment is apparent.

Finally, our decision to transfer all the actions to Judge Boldt renders moot the contention that transferring the Washington actions would result in a loss of the expertise he has gained. His retention as the judge for the Washing-

ton actions will preserve the posture of those actions and his designation as the transferee judge will have the salutary effect of placing control of the coordinated or consolidated pretrial proceedings in the hands of a judge who has had an opportunity to become acquainted with the issues. With an overall perspective of the litigation and the continued cooperation of counsel, Judge Boldt will be able to design a pretrial program that will avoid duplication, minimize the expense to the parties and ensure the just and expeditious termination of the entire litigation.

### III.  *Selection of the Transferee District*

■ Clearly, the Northern District of California is the most appropriate transferee district for this litigation. We have frequently held that the pendency of a related government action in a particular district is an important factor in selecting the transferee forum. *See, e. g.,* In re Toilet Seat Antitrust Litigation, 387 F.Supp. 1342, 1344 (Jud.Pan. Mult.Lit. 1975); In re West Coast Bakery Flour Antitrust Litigation, 368 F. Supp. 808, 809 (Jud.Pan.Mult.Lit. 1974). Transfer of the present litigation to the Northern District of California will best facilitate the coordination that will no doubt be necessary between the private actions and the five seminal government criminal and civil actions which are pending there. In addition, the documents upon which the grand jury relied in returning its indictments will very likely be sought by the various private litigants and those documents are located in the Northern District of California. Moreover, that district appears to be the most convenient forum for a majority of the parties and witnesses and is the preference of most of the parties.

It is therefore ordered that all actions listed on the following Schedule A pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable George H. Boldt, sitting by designation pursuant to 28 U.S.C. § 292(b), for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions already pending in that district and listed on Schedule A.

### SCHEDULE A

#### Western District of Washington

| | |
|---|---|
| The State of Washington, etc. v. Utah-Idaho Sugar Co. | Civil Action No. C–75–29T |
| Washington Beverages, Inc., et al. v. Utah-Idaho Sugar Co. | Civil Action No. C–75–34T |

#### Northern District of California

| | |
|---|---|
| Eng-Skell Co. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C74–2689–SW |
| Sun Garden Packing Co., etc. v. Consolidated Foods Corp., et al. | Civil Action No. C74–2687–WHO |
| Zim's Restaurants, Inc., etc. v. Utah-Idaho Co., et al. | Civil Action No. C74–2695–AJZ |
| Paoli's Restaurant, Inc., et al. v. Consolidated Foods Corp., et al. | Civil Action No. C74–2711–OJC |
| Zim's Restaurants, Inc., etc. v. California & Hawaiian Sugar Co. | Civil Action No. C74–2698–WHO |
| Fantasia Confections, Inc., etc. v. Utah-Idaho Co., et al. | Civil Action No. C74–2727–OJC |
| Fantasia Confections, Inc., etc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C74–2728–SC |
| Raleys, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–0041–WHO |
| Blums of San Francisco, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–0117–WHO |

#### Northern District of Illinois

| | |
|---|---|
| Genesis Group, Inc. v. Great Western Sugar Co., et al. | Civil Action No. 75C 669 |
| Superior Beverage Co., Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. 74C 3756 |
| Baldi Candy Co., etc. v. Great Western Sugar Co., et al. | Civil Action No. 75C 225 |
| Heinemann's, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. 75C 298 |
| State of Illinois v. Great Western Sugar Co., et al. | Civil Action No. 75C 350 |
| Plantation Baking Co., Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. 75C 418 |
| Zion Industries, Inc., et al. v. Amalgamated Sugar Co., et al. | Civil Action No. 75C 450 |
| Treasure Island Foods, Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. 75C 486 |
| Home Juice Co. v. Great Western Sugar Co., et al. | Civil Action No. 75C 497 |

#### District of Minnesota

| | |
|---|---|
| Seeco, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. 4–75–116 |