## In re SUGAR INDUSTRY ANTITRUST LITIGATION.

*Milton W. Freedman, et al. v. Amalgamated Sugar Co., et al.,* E.D. Pennsylvania, Civil Action No. 75–514.

**No. 201.**

Judicial Panel on Multidistrict Litigation.
Sept. 19, 1975.

## OPINION AND ORDER

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL **, Judges of the Panel.

### PER CURIAM.

The Panel previously transferred all actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable George H. Boldt, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Sugar Industry Antitrust Litigation*, 395 F.Supp. 1271 (Jud.Pan.Mult.Lit.1975). Since the above-captioned action appeared to involve questions of fact common to the previously transferred litigation, the Panel ordered the parties to show cause why the action should not be transferred to the Northern District of California for inclusion in the proceedings pending in that district.[1]

The plaintiffs in this action are two commercial purchasers of refined sugar whose principal places of business are located in Philadelphia. These plaintiffs purport to sue on behalf of a class of all persons throughout the country who manufacture products for resale which utilize sugar as a component and they allege that all the defendants participated in a nationwide conspiracy to fix the price of refined sugar.

The complaint includes 25 sugar refining companies and one trade association as defendants. Eight of these defendants are named in the litigation pending in the Northern District of California (so-called "Western defendants"); seventeen other defendants are companies which, with one exception, have their

---

* Judge Murrah was unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

** Judge Weigel recused himself and took no part in the consideration or decision of this matter.

1. 28 U.S.C. § 1407(c)(i); R.P.J.P.M.L. 8, 65 F.R.D. 253, 258–59 (1975).

principal places of business east of the Mississippi River and which are not named in the California litigation (so-called "Eastern defendants"); the remaining defendant, Amstar Corporation, is the only sugar refiner that transacts business nationwide and is considered both an Eastern and a Western defendant.[2]

The Eastern defendants refine primarily cane sugar and the Western defendants, for the most part, refine beet sugar.[3] Apparently, only a small amount of refined sugar is shipped from one part of the country to the other because of relatively expensive transportation costs.

We have received responses from most of the parties in this action. The eight solely Western defendants, one of the solely Eastern defendants and Amstar favor transfer to the Northern District of California. Plaintiffs and ten of the solely Eastern defendants initially opposed transfer and, in the alternative, suggested that plaintiffs' claims against the Eastern and Western defendants be separated for pretrial proceedings in different districts. During oral argument, counsel for plaintiffs went a step further and proposed to dismiss all claims against the Western defendants (except Amstar) and amend the class allegation to include only commercial purchasers of sugar in the eastern United States, on the condition that the claims against the Eastern defendants be allowed to remain in the Eastern District of Pennsylvania. He also stipulated that plaintiffs will not initiate discovery against any of the solely Western defendants or their employees, with the exception of individuals who once worked for an Eastern defendant during the alleged conspiracy and now work for a Western defendant.

We have concluded that transferring the *Freedman* action at this time would not promote the just and efficient conduct of the litigation and, accordingly, we will leave this action in the Eastern District of Pennsylvania, subject to plaintiffs' implementing their aforementioned proposal.

The defendants who favor transferring *Freedman* to the Northern District of California contend that it shares common questions of fact with the previously transferred actions because the complaint contains similar allegations of price fixing and is purportedly based on the government actions which were instituted in California. In addition, these parties express deep concern that, even with the implementation of plaintiffs' entire proposal, they will still be unnamed co-conspirators in *Freedman* and therefore be forced to monitor and participate in dual discovery proceedings in San Francisco and Philadelphia, unless this action is transferred.

Although we share the concern expressed by these defendants regarding possible duplicative discovery between *Freedman* and the litigation in California, we are persuaded that, at the present time, the purposes of Section 1407 can best be furthered by leaving *Freedman* in the Eastern District of Pennsylvania. Plaintiffs' representations during oral argument impressed us that they will make a sincere effort to keep *Freedman* distinct from the litigation in California. The Western defendants, except Amstar, seem satisfied with this arrangement if, in fact, the east-west dichotomy remains fully intact. And from the record before us, we have no reason to believe that any party, except Amstar, will be subjected to duplicative discovery.

We recognize that the dual aspects of this litigation are not totally disparate, especially in light of Amstar's nationwide role in the sugar industry. Nevertheless, we believe that the east-west

---

2. Amstar itself is named as a defendant in *Freedman*, while Spreckels Sugar Co., a division of Amstar, is the company actually named as a defendant in the California litigation.

3. C&H, a Western defendant that refines cane sugar, is an exception.

distinction has enough probability of continuation and is presently substantial enough to justify bifurcated pretrial proceedings.[4] The difference between defendants, market areas and economic and conspiratorial issues is significantly preponderant. In addition, the overall convenience of the parties and witnesses would not be served by transfer because the solely Eastern defendants, their witnesses and relevant documents are located in the eastern United States. Moreover, discovery is advancing expeditiously in *Freedman* under the supervision of the Honorable Edward N. Cahn. Furthermore, we are confident that Judges Boldt and Cahn will, in their mutual discretion, coordinate the pretrial proceedings between *Freedman* and the litigation in California whenever such coordination becomes necessary. For example, regarding Amstar in particular, we hope that the parties and the judges will design a joint pretrial program that will minimize any unnecessary inconvenience to Amstar itself and all other parties as well.

We stress that our decision to leave this action in the Eastern District of Pennsylvania rests on our appraisal that plaintiffs' proposal will eliminate the possibility that any party, except Amstar, will be subjected to duplicative discovery. Our decision, therefore, is without prejudice to the right of any party to move for transfer at a later date if it feels future circumstances so require.

■ Certain Eastern defendants maintain that they do no business at all in California. Thus, they argue that any transfer order that included them would unconstitutionally deprive them of the protections guaranteed by the due process clause of the Fifth Amendment since they do not have the requisite minimal contacts with California to give the California court in personam jurisdiction over them. We have considered this constitutional argument and find it without merit.

It is therefore ordered that transfer of the action entitled *Milton W. Freedman, et al. v. Amalgamated Sugar Co., et al.*, E.D.Pennsylvania, Civil Action No. 75–514, be, and the same hereby is, denied without prejudice to the right of any party to move for transfer at a later date, if it feels future circumstances so require.

---

4. All of the parties anticipate several tag-along actions in this litigation. *See* R.P.J.P. M.L. 1, 65 F.R.D. 253, 255 (1975). It is our present intention to conditionally transfer such actions to either the Northern District of California or the Eastern District of Pennsylvania under R.P.J.P.M.L. 9, *id.* at 259–60. *See also* R.P.J.P.M.L. 10, *id.* at 260.