## In re SUGAR INDUSTRY ANTITRUST LITIGATION.

E O. Hudson Sr., et al. v. Savannah Foods & Industries, Inc., et al.,

D. South Carolina, Civil Action No. 75–1147

**No. 201A.**

Judicial Panel on Multidistrict Litigation.

Dec. 16, 1975.

OPINION AND ORDER

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON[*], WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel previously transferred several actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable George H. Boldt, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Sugar Industry Antitrust Litigation*, 395 F.Supp. 1271 (Jud.Pan.Mult.Lit.1975). Since the above-captioned action appeared to involve questions of fact common to the previously transferred actions, the Panel issued an order conditionally transferring it to the Northern District of California for inclusion in the proceedings pending there.[1]

Plaintiffs in this action are a soft drink bottling company and its two general partners. They allege that three defendants, Savannah Foods & Industries, Inc. (Savannah), Consolidated Foods Corporation (Consolidated) and Amstar Corporation (Amstar), along with certain named co-conspirators, violated the federal antitrust laws by combining to monopolize and restrain trade in sugar and by adopting and utilizing a pricing structure that resulted in unlawful price discrimination.

All parties recognize that *Hudson* is similar to another antitrust involving the sugar industry, *Milton W. Freedman et al. v. Amalgamated Sugar. Co. et al.*, E.D.Pa., Civil Action No. 75–514, 399 F.Supp. 1397, in its naming of so-called Eastern and Western defendants.[2] We recently considered whether to transfer *Freedman* to the Northern District of California for inclusion in the ongoing proceedings there and decided to leave the action in the Eastern District of Pennsylvania, subject to plaintiffs' implementation of their proposal to dismiss all claims against the solely

---

[*] Judges Murrah and Robson were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

1. See R.P.J.P.M.L. 9, 65 F.R.D. 253, 259–60 (1975).

2. Eastern defendants in the context of this litigation generally can be defined as those companies which transact business primarily in the eastern United States and which are not named as defendants in the litigation now pending before Judge Boldt in California. Western defendants generally can be defined as those companies which transact business primarily in the western United States and which are named as defendants in the California litigation.

Western defendants, amend their class allegation to include only Eastern plaintiffs and refrain from initiating discovery against the Western defendants or their employees (with minor exceptions). *In re Sugar Industry Antitrust Litigation,* 399 F.Supp. 1397 (Jud.Pan. Mult.Lit.1975).[3]

Savannah, a so-called Eastern defendant, moves the Panel for an order vacating the conditional transfer order and transferring *Hudson* to the Eastern District of Pennsylvania for pretrial coordination or consolidation with *Freedman.* Amstar, which is considered both an Eastern and a Western defendant, also favors transfer to the Eastern District of Pennsylvania. Union Sugar Division of Consolidated, which is a Western defendant, and six other Western refiners which are named as co-conspirators[4], seek transfer to the Northern District of California or, in the alternative, favor any measures that will preclude their involvement elsewhere. Plaintiffs express their preference for the Northern District of California.

We have concluded that the most just and efficient manner in which to handle this action is to sever the claims of the plaintiffs against defendants Savannah, Amstar and Consolidated. Since Savannah is solely an Eastern defendant, claims against it will be transferred to the Eastern District of Pennsylvania for Section 1407 proceedings with *Freedman.* Claims against defendants Amstar, the only Eastern and Western defendant, and Consolidated, a solely Western defendant, will be transferred to the Northern District of California for inclusion with the litigation previously transferred there.

Plaintiffs, defendant Consolidated and the six Western refiners which are named as co-conspirators argue that transfer of *Hudson* to California is nec-essary in order to avoid duplicative discovery and possible inconsistent rulings. Defendant Consolidated and the alleged co-conspirators have no objection to severance as an alternative, however, so long as they can be disassociated from the eastern aspect of this litigation.

Defendant Savannah contends that *Hudson* and *Freedman* share common questions of fact on the economic and conspiratorial issues and differ from the actions previously transferred to California. Thus, they insist that duplication of discovery between *Hudson* and the previously transferred actions is unlikely. In addition, these parties maintain that on balance the convenience of parties and witnesses will be best served by transferring this action to Pennsylvania. Defendant Amstar takes the simple position that the Panel's decision in *Hudson* should follow its decision in *Freedman* and, therefore, also urges transfer to Pennsylvania.

As we stated in *Freedman,* we recognize that the dual aspects of this litigation are not totally disparate, especially in light of Amstar's nationwide role in the sugar industry; but we are nonetheless persuaded that the east-west distinction between defendants, markets and economic and conspiratorial issues is substantial enough to justify maintaining bifurcated pretrial proceedings in California and Pennsylvania. In considering *Hudson* we are especially concerned that the *Hudson* plaintiffs are unwilling to bifurcate voluntarily the eastern and western aspects of their action in a fashion similar to that undertaken by the plaintiffs in *Freedman.* Consequently, in keeping within the spirit of our *Freedman* decision, we believe that the most reasonable alternative is to separate plaintiffs' claims against the various defendants and transfer them to either the Northern

---

3. Although that decision was filed after the responding parties in *Hudson* had submitted their briefs, all parties at the hearing structured their oral arguments around the *Freedman* decision.

4. These six Western refiners are named as defendants in the California litigation.

District of California or the Eastern District of Pennsylvania, whichever, under the circumstances, seems more appropriate.

 As no party disputes, the claims against Savannah, a solely Eastern defendant, share common questions of fact with *Freedman*, wherein Savannah is also a defendant. Thus, transferring these claims to the Eastern District of Pennsylvania for Section 1407 treatment with *Freedman* will prevent duplication of pretrial efforts and, from our present vantage point, will probably not duplicate any of the California proceedings. Likewise, the claims against Consolidated, a solely Western defendant, raise factual issues common to those involved in the California litigation and, therefore, these claims clearly belong in the Northern District of California. Finally, since Amstar is both an Eastern and Western defendant, and is a defendant in both California and Pennsylvania regardless of our disposition of the claims against it in *Hudson*, we believe that in light of the *Hudson* plaintiffs' refusal to take steps similar to those volunteered by the *Freedman* plaintiffs, transferring these claims to the Northern District of California is preferable because it increases the likelihood that the east-west dichotomy will remain intact. We reiterate our confidence that Judges Bolt and Cahn will, in their mutual discretion, coordinate the pretrial proceedings in both transferee districts whenever such coordination becomes necessary and we again express our hope that the parties and judges will design a joint pretrial program that will minimize any unnecessary inconvenience to Amstar and all other parties as well.

We emphasize that our decision regarding *Hudson* and our maintenance of bifurcated pretrial proceedings rests on the premise that no party, except Amstar, will be subjected to duplicative discovery. This decision, therefore, is without prejudice to the right of any party to move for reconsideration at a later date if it feels future circumstances so require.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled *E. O. Hudson, Sr., et al. v. Savannah Foods & Industries, Inc., et al.*, D. South Carolina, Civil Action No. 75–1147, be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable George H. Boldt, sitting by designation, for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

It is further ordered that all claims asserted by plaintiffs against Savannah Foods & Industries, Inc. in the above-captioned action be, and the same hereby are, separated and remanded to the District of South Carolina.

It is further ordered that all claims asserted by plaintiffs against Savannah Foods & Industries, Inc. in the above-captioned action be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Edward N. Cahn for coordinated or consolidated pretrial proceedings with the action entitled *Milton W. Freedman et al. v. Amalgamated Sugar Co. et al.*, E.D.Pa., Civil Action No. 75–514, 399 F. Supp. 1397.

It is further ordered that this decision is without prejudice to the right of any party to move for reconsideration at a later date, if it feels future circumstances so require.