**In re FMC CORPORATION
PATENT LITIGATION.**

**No. 255.**

Judicial Panel on Multidistrict Litigation.

Nov. 22, 1976.

Before JOHN MINOR WISDOM *, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL and ANDREW A. CAFFREY, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

This litigation consists of five actions pending in three different federal districts—two each in the District of Kansas and the Eastern District of Wisconsin, and one in the Northern District of Ohio. All the actions involve the validity and alleged infringement of a single patent, No. 3,875,-607, the rights to which are held by FMC Corporation. The patent relates to the construction of a gutter brush used in street sweeping machines, and to wear-replacement parts for this brush. FMC, through its Industrial Brush Division, manufactures street sweepers, and brushes and replacement brush parts for these sweepers. One of its products, which is covered by the patent in question, is a plastic block designed to support wear-replacement bristles. That block, with bristles installed, is secured to the carrying plate of the machine for ultimate use. Jenkins Equipment Company is a manufacturer and seller of brushes and wear-replacement brush parts for street sweepers. It also produces a block, or bristle holder, which is sold with or without bristles to a number of customers. Those persons purchasing bare blocks install their own bristles for ultimate sale of completed brush units to the owners of sweepers. Two of Jenkins' customers are Kennedy Van Brush Co. and Zarnoth Brush Co.

In 1975, FMC brought separate patent infringement actions against Kennedy and Zarnoth in the District of Kansas and the Eastern District of Wisconsin, respectively. Each action alleges that the defendant infringed patent 3,875,607 by making, using and selling components for use in gutter brushes of street sweepers. FMC requests, *inter alia,* that the patent be adjudged valid and that both defendants be enjoined from using or contributing to the use of any invention covered by the patent. The claims in each action are virtually identical. Defendants have filed counterclaims challenging the validity of the patent.

FMC has since filed motions in these two actions to add Jenkins as a co-defendant; and has also filed two additional actions, one each in Kansas and Wisconsin, naming Jenkins and its sales company, Sweepster Inc., as defendants. The second action in Wisconsin also includes Zarnoth as a defendant. Motions are pending in the four actions to dismiss Jenkins and Sweepster for lack of venue.

Early in May of 1976, Jenkins filed the Ohio action against FMC attacking the validity of the patent. Jenkins claims that its bristle holder and bristles do not infringe the claims of the patent in view of the limitations necessarily placed upon it in light of prior art. Jenkins further alleges that FMC has attempted to use enforcement of the patent and refusal of licensing agreements in an unlawful attempt to monopolize trade in the sale of gutter brush replacement parts, in violation of the federal antitrust laws. Jenkins asks the court to (1) declare the patent void and invalid, (2) declare the patent not infringed by Jenkins or its customers, (3) declare the patent legally unenforceable because of misuse by the defendant, and (4) award treble damages.

These actions are before the Panel pursuant to two motions for transfer under 28 U.S.C. § 1407: the first filed by Jenkins to transfer one of the Wisconsin and Kansas actions to the Northern District of Ohio for coordinated or consolidated pretrial proceedings with the action pending there, and the second filed by FMC for transfer of all five actions to the District of Kansas. All parties agree on the propriety of transferring this litigation to a single district for pretrial proceedings, though they disagree on the appropriate transferee district.

We find that these actions involve common questions of fact and that their trans-

---

* Although Judge Wisdom was not present at the Panel hearing, he has, with the consent of all parties, participated in this decision.

fer to the District of Kansas for coordinated or consolidated pretrial proceedings under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

All parties recognize, and we agree, that this litigation involves common factual questions concerning the validity of the patent held by FMC and that transfer is therefore necessary in order to eliminate duplication of discovery and prevent inconsistent pretrial rulings. *See In re Joseph F. Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (Jud. Pan. Mult. Lit.1976); *In re Triax Company Patent Litigation,* 385 F.Supp. 590, 591 (Jud. Pan. Mult. Lit.1974). Moreover, since all the alleged infringers use the same product furnished by Jenkins, common factual questions are also present concerning the infringement issue.

Jenkins favors the Northern District of Ohio over the District of Kansas as the transferee forum because the action pending there contains broader issues than any other action involved in this litigation, and because that forum has jurisdiction over all parties to the actions, whereas Jenkins and Sweepster contest in personam jurisdiction and venue in the Kansas forum.[1] Jenkins further argues that this lack of jurisdiction and venue makes the District of Kansas an inappropriate transferee forum because that court would lack authority to enforce its rulings on discovery matters through the imposition of sanctions unless Jenkins and Sweepster voluntarily waive their objections to venue.

We find these arguments unpersuasive. Jenkins' contentions regarding jurisdiction and venue are based on a total misconception of Section 1407. Transfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue. *See In re Sugar Industry Antitrust Litigation,* 399 F.Supp. 1397, 1400 (Jud. Pan. Mult. Lit.1976), and *In re Revenue Properties Co.,* 309 F.Supp.

1002, 1004 (Jud. Pan. Mult. Lit.1970). A transfer under Section 1407 is, in essence, a change of venue for pretrial purposes. Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer. *In re Plumbing Fixture Cases,* 298 F.Supp. 483, 495–96 (Jud. Pan. Mult. Lit.1968).

An evaluation of all relevant factors leads us to the conclusion that the District of Kansas is a more appropriate transferee forum for this litigation. Discovery is more advanced in one of the Kansas actions than in any other action. And Judge Earl E. O'Connor, to whom the Kansas actions are assigned, has had an opportunity to become acquainted with this litigation, which puts him in the best position to supervise all the actions toward their most just and expeditious termination. *See In re Griseofulvin Antitrust Litigation,* 395 F.Supp. 1402, 1403 (Jud. Pan. Mult. Lit.1975).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the District of Kansas be, and the same hereby are, transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Earl E. O'Connor for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

#### Eastern District of Wisconsin

| | |
|---|---|
| FMC Corporation v. Zarnoth Brush Works, Inc. | Civil Action No. 75–C–669 |
| FMC Corporation v. Zarnoth Brush Works, Inc., Jenkins Equipment Co., Inc. and Sweepster, Inc. | Civil Action No. 76–C–316 |

#### District of Kansas

| | |
|---|---|
| FMC Corporation v. Kennedy Van Brush Mfg., Inc. | Civil Action No. 75–244–C2 |
| FMC Corporation v. Jenkins Equipment Co., Sweepster, Inc. | Civil Action No. 76–94–C2 |

#### Northern District of Ohio

| | |
|---|---|
| Jenkins Equipment Co. v. FMC Corporation | Civil Action No. C–76–439 |

---

1. Note, however, that Jenkins stated in its papers submitted to the Panel that it has become the real party in interest in all the actions through hold harmless agreements which it furnished Kennedy and Zarnoth, and that it is paying for and controlling the defense of their actions.