**In re SUGAR INDUSTRY ANTITRUST LITIGATION.**

**In re SUGAR INDUSTRY ANTITRUST LITIGATION (EAST COAST).**

**Nos. 201, 201A.**

Judicial Panel on Multidistrict Litigation.

Jan. 17, 1977.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III, STANLEY A. WEIGEL **, and ANDREW A. CAFFREY *, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

### I. PROCEDURAL BACKGROUND

The Panel originally transferred several actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable George H. Boldt, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Sugar Industry Antitrust Litigation,* 395 F.Supp. 1271 (Jud.Pan.Mult.Lit.1975). As of August 1976, 39 tag-along actions pending in fourteen various federal district courts had been transferred to the Northern District of California by the Panel for inclusion in the coordinated or consolidated pretrial proceedings. With the inclusion of 27 more tag-along actions originally filed in the Northern District of California, the total number of actions pending before the transferee court in August 1976 was 87.

On May 20, 1976, Judge Boldt entered an "Opinion and Order re Class Actions." The court certified separate classes of industrial users, retail grocers, wholesalers, and agricultural users for each of the marketing areas known in the sugar industry as the Chicago-West, California-Arizona and Intermountain-Northwest territories. In addition, individual classes of governmental entities were certified for each of the states represented in the litigation. On July 23, 1976, Judge Boldt denied motions for reconsideration or certification for appeal of his class action decision. Certain defendants recently filed a petition for a writ of mandamus before the United States Court of

---

* Judges Becker and Caffrey were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

** Judge Weigel recused himself and took no part in the consideration or decision of this matter.

Appeals for the Ninth Circuit to set aside Judge Boldt's class certification order.[1]

A second prong of this litigation, entitled *In re Sugar Industry Antitrust Litigation (East Coast),* was established by the Panel in the Eastern District of Pennsylvania and assigned to the Honorable Edward N. Cahn for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Sugar Industry Antitrust Litigation,* 399 F.Supp. 1397 (Jud.Pan.Mut.Lit.1975) (*Freedman*); 405 F.Supp. 1404 (Jud.Pan. Mult.Lit.1975) (*Hudson*). This litigation has been denominated MDL–201A.

MDL–201A evolved when the Panel considered transfer of the *Freedman* action from the Eastern District of Pennsylvania as a tag-along action to the litigation in the Northern District of California. Plaintiffs in *Freedman* purported to sue on behalf of a class of all persons located throughout the country who manufacture products for resale which use sugar as a component. Twenty-six defendants were named in *Freedman,* nine of whom were defendants in the litigation before Judge Boldt and seventeen of whom were new defendants.[2] The Panel decided to leave *Freedman* in the Eastern District of Pennsylvania, subject to plaintiffs' implementation of their proposal to dismiss their claims against the eight Western Defendants.[3] The Panel's decision was also subject to plaintiffs' implementation of their proposal to amend the class allegation to include only commercial sugar purchasers in the Eastern portion of the United States, and not to initiate discovery against any of the Western defendants or their employees, with the exception of individuals who worked for an Eastern defend-ant during the time of alleged conspiracy and who now are employed by a Western defendant. The Panel reasoned as follows:

> We recognize that the dual aspects of this litigation are not totally disparate, especially in light of Amstar's nationwide role in the sugar industry. Nevertheless, we believe that the east-west distinction has enough probability of continuation and is presently substantial enough to justify bifurcated pretrial proceedings. The difference between defendants, market areas and economic and conspiratorial issues is significantly preponderant. In addition, the overall convenience of the parties and witnesses would not be served by transfer because the solely Eastern defendants, their witnesses and relevant documents are located in the eastern United States. Moreover, discovery is advancing expeditiously in *Freedman* under the supervision of the Honorable Edward N. Cahn. Furthermore, we are confident that Judges Boldt and Cahn will, in their mutual discretion, coordinate the pretrial proceedings between *Freedman* and the litigation in California whenever such coordination becomes necessary. For example, regarding Amstar in particular, we hope that the parties and the judges will design a joint pretrial program that will minimize any unnecessary inconvenience to Amstar itself and all other parties as well.

> We stress that our decision to leave this action in the Eastern District of Pennsylvania rests on our appraisal that plaintiffs' proposal will eliminate the possibility that any party, except Amstar, will be subjected to duplicative discovery. Our

1. Certain defendants also filed a motion before Judge Boldt requesting that he disqualify himself in MDL–201. Although the Panel is aware of the allegations made in that motion, the allegations do not include any matters within the purview of the Panel and, accordingly, they have not been taken into consideration in the Panel's decision. *See also In re Molinaro/Catanzaro Patent Litigation,* 402 F.Supp. 1404, 1406 (Jud.Pan.Mult.Lit.1975).

2. Eight of the nine defendants originally before Judge Boldt are hereinafter referred to as Western defendants. The ninth defendant is Amstar Corporation. The seventeen new defendants are hereinafter referred to as Eastern defendants.

3. At the time of the hearing before the Panel in *Freedman,* the parties were in general agreement that the Western defendants conducted business primarily west of the Mississippi River, that the Eastern defendants conducted business primarily east of the Mississippi River, and that Amstar conducted business nationwide.

decision, therefore, is without prejudice to the right of any party to move for transfer at a later date if it feels future circumstances so require. *In re Sugar Antitrust Litigation*, 399 F.Supp. 1397, 1399–1400 (Jud.Pan.Mult.Lit.1975).

Subsequent to the transfer of *Freedman*, the *Hudson* action was filed in the District of South Carolina by three local plaintiffs, not as a class action, against three defendants—Consolidated Foods, Corp., a Western defendant; Savannah Foods & Industries, Inc., an Eastern defendant; and Amstar, a defendant in both MDL–201 and MDL–201A. After noting that the plaintiffs in *Hudson* refused to take steps similar to those taken by the *Freedman* plaintiffs in order to maintain the east-west dichotomy, the Panel transferred the claims against Consolidated and Amstar to the Northern District of California and the claim against Savannah to the Eastern District of Pennsylvania. *In re Sugar Industry Antitrust Litigation*, 405 F.Supp. 1404 (Jud.Pan.Mult. Lit.1975).

As of August 1976, MDL–201A had grown to include eleven[4] actions: *Freedman*, part of *Hudson*, a tag-along action transferred to the Eastern District of Pennsylvania from the District of Massachusetts by an unopposed conditional transfer order of the Panel, and eight tag-along actions originally filed in the Eastern District of Pennsylvania.

On October 21, 1976, Judge Cahn certified separate classes of industrial users, retail grocers and institutional users in the marketing area known in the sugar industry as the Eastern territory.

## II.  RECENT DEVELOPMENTS

On May 26, 1976, Waldorf Bakers, Inc., a manufacturer of retail bakery products, instituted an action in the Eastern District of Pennsylvania against six Western defendants, eight Eastern defendants, and Amstar, a defendant in both MDL–201 and MDL–201A. Similar to the other complaints in both MDL–201 and MDL–201A, the complaint in *Waldorf* alleges that defendants and unnamed co-conspirators unlawfully conspired to establish artificially the price of refined sugar. The relevant market in this complaint includes all states situated east of the Mississippi River[5] and Puerto Rico. Plaintiff Waldorf seeks to represent a "national or regional class, as the [c]ourt may determine, of persons or entities similarly situated, in the business of utilizing the sugar product complained of." The complaint in *Waldorf* alleges that the class consists of all individuals and entities located in the relevant market who are engaged in the baked products business and who purchased refined sugar for business purposes.[6]

In June 1976, four Western defendants moved the Panel for an order severing the claims asserted against them in *Waldorf* and transferring those claims to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings in MDL–201. These defendants requested severance and transfer on the grounds that the claims asserted against them in *Waldorf* shared common questions of fact with those asserted in MDL–201, rather than those asserted in MDL–201A. In support of this motion were several Eastern defendants and all the plaintiffs other than Waldorf in MDL–201A. Plaintiff Waldorf opposed severance and transfer and also requested that the Panel reconsider its previous decisions resulting in bifurcated pretrial proceedings for this litigation and instead transfer all the actions involving the sugar industry to the Northern District of California.

---

4.  This number includes the *Waldorf* action, discussed *infra*.

5.  Unlike the Eastern market described in Judge Cahn's class action opinion in MDL–201A, the relevant market described by plaintiff Waldorf overlaps with the Chicago-West market described in Judge Boldt's class action opinion in MDL–201.

6.  .It should be noted that Judge Cahn's class action decision did not deal with the *Waldorf* action.

Meanwhile, the *Jordan* action was filed in the Western District of Pennsylvania by an Eastern plaintiff who seeks to represent a class of retail grocers in the Eastern market. Like the plaintiff in *Waldorf*, this plaintiff also has named both Eastern and Western defendants. The complaint in *Jordan*, however, alleges a national conspiracy. In response to a letter by defendant Consolidated to the Panel suggesting transfer of *Jordan* to a single forum for inclusion in Section 1407 proceedings, plaintiff Jordan urged the Panel to reconsider its initial decision to bifurcate the Eastern sugar actions from their Western counterparts. Although Consolidated did not state in its letter its preference of a transferee forum for this action, Jordan assumed that Consolidated sought to sever and transfer the claims asserted in *Jordan* against Western defendants to the Northern District of California because this was Consolidated's position concerning the *Waldorf* action.

About the same time as these events were occurring with respect to *Waldorf* and *Jordan*, additional actions were being filed elsewhere. The complaint in the *A & P Bakery* action, pending in the Southern District of Florida, seeks a class composed of all wholesalers in the Eastern market, alleges a solely Eastern conspiracy, but names defendants involved in MDL–201 and MDL–201A, as well as other defendants not previously named in this litigation. The *Klein* action, pending the Southern District of Ohio, is brought on behalf of a national class of retail grocers. Plaintiff Klein alleges a national conspiracy, and also includes defendants involved in MDL–201, MDL–201A and new defendants. In the Western District of Missouri, the State of Missouri filed an action that includes only Western defendants and is restricted to the Chicago-West market. In the Northern District of Illinois, the *Farm House Foods* action was instituted also against only

Western defendants and is limited to the Chicago-West market. Finally, the *Sambo's Restaurants* action was commenced in the Central District of California. The complaint in this action names the same major defendants involved in MDL–201, and is limited to the California-Arizona market.

Because of these developments, the four moving defendants in the *Waldorf* action plus defendant Amstar moved the Panel to stay the then forthcoming July Panel hearing in which the transfer of *Waldorf* was to be considered. It was movants' position that, in the time permitted before the hearing, neither the numerous parties affected nor the Panel itself would be able to deal satisfactorily with the suggestion by certain parties that the bifurcated pretrial proceedings in this litigation should be dismantled by transferring all actions to a single district. As a result, on July 20, 1976, the Panel vacated the hearing order as it pertained to this matter.

On July 19, 1976, the following three actions were filed in the Northern District of Illinois: *Federal Bake Shops, Sethness Greenleaf*, and *Continental Coffee Co.*[7] The complaints in these actions allege a nationwide conspiracy in an Eastern market and name both Eastern and Western defendants as well as other defendants not previously sued. On July 20, 1976, plaintiffs in these three actions filed a memorandum with the Panel opposing the motion before the Panel to sever the Western claims in the *Waldorf* action and to transfer them to the Northern District of California. In this memorandum, these plaintiffs additionally requested that the panel reconsider its bifurcation decision and instead transfer the entire litigation to California.

After the July Panel hearing, plaintiffs Federal Bake Shops, Sethness Greenleaf and Continental Coffee Company moved the Panel for an order transferring their

---

**7.** Counsel for plaintiffs in these three actions are counsel for class representative plaintiffs in the Western litigation. Two of these counsel are members of the Executive Committee of Plaintiffs' Steering Committee in that litigation, and a third is the Coordinating Secretary to both Committees. One of these three plaintiffs, Sethness Greenleaf, is a class representative in the Western litigation, and has tentatively settled with certain defendants which it has sued again in its action recently filed in the Northern District of Illinois.

actions to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings in MDL–201. These plaintiffs opposed any severance of the Western claims and transfer of only those claims to the Northern District of California. In support of their motion, plaintiffs adopted their previously submitted memorandum concerning the *Waldorf* action. As just mentioned, that memorandum suggested, *inter alia*, that the Panel reconsider its bifurcation decision.

Because of the various suggestions made by several parties, the Panel issued an order to show cause why all actions pending in the Northern District of California, the Eastern District of Pennsylvania and elsewhere should not be transferred to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 and why all previous opinions and orders by the Panel in this litigation should not be vacated and this entire matter considered by the Panel de novo.

Responses to this order have been filed by most of the parties to this litigation. These responses may be broken down into six basic positions. First, the bulk of the plaintiffs and defendants in MDL–201A favor continuation of the present bifurcated pretrial proceedings, as do two plaintiffs in MDL–201. Second, American Crystal Sugar Company, a Western defendant, agrees that this litigation should be bifurcated, but argues that bifurcation should be based upon the location of the claimant-purchasers, rather than upon the markets in which defendants allegedly sell sugar. Third, Plaintiffs' Steering Committee in MDL–201, and certain other plaintiffs—including two plaintiffs in MDL–201A and plaintiffs in five of the new actions—favor transfer of all actions to the Northern District of California. Fourth, three defendants in MDL–201—Great Western Sugar Co., Utah-Idaho Sugar Co., and Amalgamated Sugar Co.—propose that all the actions in this litigation now be transferred to a single court (other than Judge Boldt) for coordinated or consolidated pretrial proceedings pursuant to Section 1407, and that separate proceedings regarding settlements in this litigation be assigned to Judge Boldt. Fifth, defendant Amstar, joined by Western defendant California Beet Growers Association, move the Panel to establish a program of coordinated inter-district proceedings. Briefly, Amstar proposes that the Panel select a "litigation supervision judge" for the purpose, among others, of transferring related actions to appropriate districts under 28 U.S.C. § 1404(a) for both pretrial proceedings and trial. Amstar also proposes that the panel assign all settling actions to a separate "settlement supervision judge." And sixth, Supreme Sugar Company, Inc., named as a defendant in the three actions recently filed in the Northern District of Illinois as well as in *Klein* and *A & P Bakery*, moves only that the three Northern District of Illinois actions be allowed to remain in that district. Supreme Sugar states that it has not been served in the *Klein* and *A & P Bakery* actions and apparently takes no position on the transfer of those actions.

## III. ARGUMENTS OF THE PARTIES

The parties in favor of maintaining bifurcated pretrial proceedings argue that the just and efficient conduct of this litigation would be undermined by merging MDL–201 and MDL–201A. Judges Boldt and Cahn are expeditiously processing their respective litigations and are operating on similar timetables, these parties argue. There has been no duplication of discovery, it is contended, and if and when coordination of discovery becomes necessary, both judges have expressed their intention to minimize any inconvenience to the parties and witnesses. To transfer all actions to a single district at this stage of the proceedings would undermine the substantial progress made and be wasteful of the judicial effort already expended, these parties maintain. They assert that the recently filed actions can efficiently be processed within the framework of the bifurcated proceedings if, as in *Hudson*, these actions are carved up by defendants, with claims against Eastern defendants going to Philadelphia and claims

against Western defendants going to San Francisco.

Although defendant American Crystal agrees that bifurcated pretrial proceedings continue to be the most practical and least disruptive method of conducting the litigation, it urges that bifurcation should be based upon the location of the plaintiffs, rather than upon the markets in which defendants allegedly sell sugar. Thus, American Crystal argues, actions brought on behalf of Eastern purchasers should be transferred to the Eastern District of Pennsylvania, and actions brought on behalf of Western purchasers should be transferred to the Northern District of California. The few actions filed on behalf of allegedly national classes should be bifurcated, it is asserted, with the claims of the Eastern purchasers assigned to Judge Cahn in Philadelphia and those of Western purchasers assigned to Judge Boldt in San Francisco. American Crystal contends that bifurcation according to the location of the purchasers will minimize the need to split individual actions and preserve the integrity of the substantial pretrial proceedings that have already taken place.

The parties favoring transfer of all actions to the Northern District of California point out that the Panel originally ordered bifurcated pretrial proceedings on the assumption that "[t]he difference between defendants, market areas and economic and conspiratorial issues is significantly preponderant." 399 F.Supp. at 1400. These parties contend that recent events, such as the discovery of the presence of certain defendants in both Eastern and Western markets, the filing of actions involving national class allegations or national conspiracy allegations, and the consequent necessity of nationwide discovery, demonstrate that transfer of all actions to one district has now become necessary. While bifurcation may have been a satisfactory solution to the problem of an individual action brought against only three defendants (*Hudson*), or where the plaintiff stipulates to forego any Western discovery (*Freedman*), these parties assert, it falls far short of meeting the challenges presented by the massive litigation now before the Panel.

Three defendants in MDL–201 propose that all actions should be transferred to a single court (other than Judge Boldt) for coordinated or consolidated pretrial proceedings pursuant to Section 1407, and that separate proceedings regarding settlements in this litigation should be assigned to Judge Boldt. These three defendants argue that plaintiffs in the recently filed national conspiracy actions show no willingness to accept the compromises in *Freedman* and *Hudson* that have enabled bifurcation to continue on a limited scale. Because those plaintiffs apparently intend vigorously to pursue their nationwide conspiracy allegations, the three defendants contend, bifurcation has now become artificial inasmuch as the parties in each forum will be obliged to seek duplicative discovery at enormous and needless expense. Moreover, the three defendants argue, bifurcated pretrial proceedings in the face of these nationwide allegations raise a high likelihood of inconsistent or overlapping rulings in every phase of the litigation. For example, these defendants suggest a single forum is needed to resolve issues of class certification: Judge Boldt has certified a number of purely Western classes, Judge Cahn has certified various Eastern classes—and the new actions assert classes and markets which might engulf them all. A single forum is essential, it is asserted, to reevaluate the entire proceedings to date in light of the new allegations.

Defendant Amstar, joined by Western defendant California Beet Growers Association, argue that even the present bifurcated pretrial proceedings have proven themselves too complex and burdensome to be administered properly without seriously affecting the parties' due process rights. Amstar asks the Panel to appoint a "litigation supervision judge" for the purpose, among others, of transferring related actions to appropriate districts under 28 U.S.C. § 1404(a) for both pretrial proceedings and trial. Amstar argues that this litigation is composed of five separate

groups of actions, each of which is characterized by a number of unique and overriding factual questions centering upon the various markets in which purchases were made. Thus, Amstar proposes, the "litigation supervision judge" should establish four separate forums for actions brought, respectively, by or on behalf of purchasers in the Intermountain-Northwest, California-Arizona, Chicago-West and Eastern markets. Actions involving allegations of regional or national conspiracies should be transferred according to the location of the purchasers, Amstar asserts. And all actions brought by or on behalf of purchasers of industrial molasses for agricultural use should be transferred to a fifth district, Amstar maintains. In addition, Amstar requests that the Panel appoint a "settlement supervision judge."

Finally, Supreme Sugar Co., a sugar refiner located in Louisiana, argues that transfer of the three Northern District of Illinois actions in which it is a defendant would not lead to any added convenience to parties and witnesses. The Northern District of Illinois is as convenient for Supreme Sugar as any other district, except one in Louisiana, it is argued, and the Northern District of Illinois is the choice of venue of plaintiffs. Moreover, Supreme Sugar contends that transfer and participation in coordinated or consolidated pretrial proceedings would impose serious financial burdens upon it.

### IV. HOLDING

We have concluded that the just and efficient conduct of the entire litigation will best be advanced by maintaining the present coordinated or consolidated pretrial proceedings in the Northern District of California and in the Eastern District of Pennsylvania. We also find that the ten recently filed actions share common questions of fact with each other and with the actions previously transferred to the Northern District of California [8] and that transfer of the ten recently filed actions to that district for inclusion in the pretrial proceedings there

will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the entire litigation.

### V. REASONING

On the basis of the record before us, it is abundantly clear that pretrial proceedings in both MDL–201 and MDL–201A are proceeding expeditiously. Judges Boldt and Cahn have become extremely well acquainted with the underlying facts in this complex litigation, and their experience will be invaluable in processing the entire litigation to a just and efficient conclusion. Thus, we conclude that the just and efficient conduct of all actions in this litigation can best be promoted by continuing the present bifurcated format.

Of the recently filed actions, the complaints in *Sambo's, Farm House Foods* and *Missouri* are brought by or on behalf of Western plaintiffs, involve only Western defendants and Amstar, allege solely Western conspiracies and therefore are clearly appropriate for transfer to the Northern District of California.

The complaints in the other seven recently filed actions, however, all include allegations that give rise to national implications. The complaints in *Waldorf* and *Klein* involve purported national classes, and name defendants involved in MDL–201 and in MDL–201A. Plaintiff Klein additionally alleges a national conspiracy and names new defendants. In *Jordan, Sethness Greenleaf, Continental Coffee* and *Federal Bake Shops,* plaintiffs allege a national conspiracy and include defendants involved in MDL–201 and in MDL–201A. New defendants are also added to the complaints in the latter three actions. Plaintiffs in *A & P Bakery* name defendants involved in MDL–201 and in MDL–201A, as well as new defendants. Thus, because of the presence of national class allegations, because of the inclusion of national conspiracy allegations, or because no plaintiff in these seven actions apparently is voluntarily willing to bifurcate the Eastern and Western aspects

---

**8.** No party disputes the existence of common questions of fact among these actions.

of its action in a fashion similar to that undertaken by the plaintiffs in *Freedman,* none of these seven recently filed actions neatly fits into either MDL–201 or MDL–201A.

■ We are persuaded that these seven actions, in their entirety, should be transferred to a single district so that one judge may determine the propriety of the proposed national classes, supervise the pretrial of the national conspiracy allegations, and supervise the pretrial concerning the relationship among Western defendants, Eastern defendants, Amstar and new defendants, collectively, in the various markets. Thus there will be no possibility of duplicative discovery or conflicting pretrial rulings on these overriding questions.[9]

On balance, we find that these seven actions are best suited for inclusion in the pretrial proceedings in the Northern District of California. Because of the number [10] and nature of the actions there, Judge Boldt has already become acquainted with the facts and issues as they apply to three of the four major sugar marketing regions in the nation. In addition, on the basis of the record before us, it appears that the pretrial proceedings in the Northern District of California are somewhat more advanced than those in the Eastern District of Pennsylvania.

■ We recognize that under this decision the potential for overlap between MDL–201 and MDL–201A exists, especially because of the national class and conspiracy allegations, as well as the presence in both MDL–201 and MDL–201A of Eastern defendants and Amstar. In our earlier opinions in *Freedman* and *Hudson,* we also anticipated that the dual aspects of the pretrial proceedings in this litigation might well result in some duplicative discovery. 399 F.Supp. at 1399–1400; 405 F.Supp. at 1407. MDL–201 and MDL–201A have now

been pending for more than a year, however, and there apparently has been a minimum of overlap or conflict between them. While the parties in favor of transfer of all actions to a single district assert that recently discovered facts may necessitate some nationwide discovery and that the Western plaintiffs already have encountered some difficulties in obtaining discovery from Eastern defendants and Amstar, certain Western plaintiffs candidly admitted at the hearing on this matter that they have made no efforts whatsoever to present any potential or actual discovery conflicts to Judge Boldt or Judge Cahn, or both, for resolution. Transcript at 38–40, 70. As we stated in *Hudson,*

> [w]e reiterate our confidence that Judges Boldt and Cahn will, in their mutual discretion, coordinate the pretrial proceedings in both transferee districts whenever such coordination becomes necessary and we again express our hope that the parties and judges will design a joint pretrial program that will minimize any unnecessary inconvenience to Amstar *and all other parties as well.* (Emphasis added.) 405 F.Supp. at 1407.

It is apparent to us that any difficulties or conflicts that the parties may have encountered to date have been caused by their reluctance, if not recalcitrance, to present problems to the judges and to work together with each other and the judges to develop a coordinated pretrial program between MDL–201 and MDL–201A. For example, notices for a particular deposition could be filed in both the Northern District of California and the Eastern District of Pennsylvania, thereby making the deposition applicable in each proceeding. The parties could also move Judges Boldt and Cahn to enter orders providing that within a specified time period after the conclusion of the deposition of any witness, a party who did not

**9.** Under our decision, portions of the *Hudson* action, which includes allegations of a national conspiracy, will remain before both judges. As previously noted, this action is not a class action and names only three defendants—Consolidated, a Western defendant; Savannah, an Eastern defendant, and Amstar. We leave the

manner and degree of coordination concerning *Hudson's* national conspiracy allegations to the discretion of Judges Boldt and Cahn.

**10.** MDL–201 presently includes more than eight times as many actions as MDL–201A.

attend the deposition may move to redepose the witness on the ground that the absent party's interests were inadequately protected at the initial examination. *See Manual for Complex Litigation,* Parts 1 and 2, §§ 2.31 (rev. ed. 1973). In addition, the parties might seek a stipulation among themselves, or orders from both judges, that all discovery taken in either MDL–201 or MDL–201A is applicable to both groups of actions. *See also Manual, supra,* Parts 1 and 2, §§ 3.11. Furthermore, if any party files a motion that it feels may be proper for the judges' joint consideration, the motion could be noticed in both jurisdictions and the judges could, in their mutual discretion, sit together for resolution of that particular matter. Thus, when and if the parties in either MDL–201 or MDL–201A properly raise questions concerning either discovery or pretrial rulings that might result in duplication or conflict between MDL–201 and MDL–201A, we remain confident that Judges Boldt and Cahn will effectively coordinate their own efforts and the efforts of the parties.

■ We find no merit in defendant Amstar's proposal to fragment this litigation further by assigning separate groups of actions to five different judges who would process their actions under the guidance of an overall "litigation supervision judge" and with the assistance of a "settlement supervision judge." This proposal would cause an unnecessary imposition on judicial manpower and, more importantly, by increasing the number of pretrial proceedings in this litigation the proposal would increase the possibility of duplicative discovery and conflicting pretrial rulings.

■ Finally, we must reject the arguments of Supreme Sugar that the three Northern District of Illinois actions in which it is a defendant should be allowed to remain in that district. Although Supreme Sugar argues that its inclusion in coordinated or consolidated pretrial proceedings would result in an unreasonable financial burden upon it, Supreme Sugar is named as a defendant not only in three actions in the Northern District of Illinois, but also in the *Klein* action pending in the Southern District of Ohio and in the *A & P Bakery* action in the Southern District of Florida.[11] Thus, absent transfer under Section 1407, Supreme Sugar would likely be compelled to defend against related actions in three separate forums. We are convinced that Supreme Sugar will discover that by participation in coordinated or consolidated pretrial proceedings and through the concomitant streamlining of all endeavors in the actions in which it is a defendant, an overall savings in terms of both efforts and resources will result not only for itself but also for all other parties to these actions.

IT IS THEREFORE ORDERED that all previous opinions and orders in this litigation, *In re Sugar Industry Antitrust Litigation,* 395 F.Supp. 1271 (Jud.Pan.Mult.Lit. 1975), 399 F.Supp. 1397 (Jud.Pan.Mult.Lit. 1975) and 405 F.Supp. 1404 (Jud.Pan.Mult. Lit.1975), be, and the same hereby are, reaffirmed, and that all actions listed on the following Schedule A shall remain in the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 before the Honorable George H. Boldt, sitting by designation, and that all actions listed on the following Schedule B shall remain in the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 before the Honorable Edward N. Cahn.

IT IS FURTHER ORDERED that all actions listed on the following Schedule C be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the

---

**11.** Supreme Sugar states that although it has been named as a defendant in *Klein* and *A & P Bakery,* it has not been served in either of those actions. We have held, however, that "the power of the Panel and the courts to effectuate a transfer under § 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." *In re Library Editions of Children's Books,* 299 F.Supp. 1139, 1142 (Jud. Pan.Mult.Lit.1969). We also note that Supreme Sugar was given timely notice of the Panel's order to show cause in this litigation and therefore has had ample opportunity to respond to that order.

Honorable George H. Boldt, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions previously transferred to that district and listed on Schedule A.

### SCHEDULE A
### DOCKET NO. 201—IN RE SUGAR INDUSTRY ANTITRUST LITIGATION

#### Northern District of California

| | |
|---|---|
| Eng-Skell Co. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C74–2689–SW |
| Sun Garden Packing Co., etc. v. Consolidated Foods Corp., et al. | Civil Action No. C74–2687–WHO |
| Zim's Restaurants, Inc., etc. v. Utah-Idaho Co.,.et al. | Civil Action No. C74–2695–AJZ |
| Paoli's Restaurant, Inc., et al. v. Consolidated Foods Corp., et al. | Civil Action No. C74–2711–OJC |
| Zim's Restaurants, Inc., etc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C74–2698–WHO |
| Fantasia Confections, Inc., etc. v. Utah-Idaho Co., et al. | Civil Action No. C74–2727–OJC |
| Fantasia Confections, Inc., etc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C74–2728–SC |
| Raleys, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–0041–WHO |
| Blums of San Francisco, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–0117–WHO |
| Superior Beverage Co., Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75–1121–GHB |
| Baldi Candy Co., etc. v. Great Western Sugar Co., et al. | Civil Action No. C75–1122–GHB |
| Heinemann's, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75–1123–GHB |
| State of Illinois v. Great Western Sugar Co., et al. | Civil Action No. C75–1124–GHB |
| Plantation Baking Co., Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. C75–1125–GHB |
| Zion Industries, Inc., et al. v. Amalgamated Sugar Co., et al. | Civil Action No. C75–1126–GHB |
| Treasure Island Foods, Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. C75–1127–GHB |
| Home Juice Co. v. Great Western Sugar Co., et al. | Civil Action No. C75–1128–GHB |
| The State of Washington, etc. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–1129–GHB |
| Washington Beverages, Inc., et al. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–1130–GHB |
| Genesis Group, Inc. v. Great Western Sugar Co., et al. | Civil Action No. C75–1120–GHB |
| Seeco, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75–1131–GHB |
| Food Mart-Eureka Corp., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–0504–GHB |
| Board of Education of the City of Berkeley, et al. v. California and Hawaiian Sugar Co., et al. | Civil Action No. C75–0782–GHB |
| Owens Enterprises, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–0505–GHB |
| State of California v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1401–GHB |
| Mother's Cake & Cookie Co. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1404–GHB |
| Zarda Brothers Dairy, Inc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1696–GHB |
| Brothers Restaurants, Inc. v. Amalgamated Sugar Co., et al. | Civil Action No. C75–1606–GHB |
| Steak-O-Rama, Inc., et al. v. Amalgamated Sugar, et al. | Civil Action No. C75–1674–GHB |
| 1812 Distributing Corp., et al. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–1129–GHB |
| Northwest Candy, Inc. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–1454–GHB |
| Grist Mill Co., etc. v. Great Western Sugar Co., et al. | Civil Action No. C75–1555–GHB |
| Schulze & Burch Biscuit Co. v. Great Western Sugar Co., et al. | Civil Action No. C75–1554–GHB |
| Merchants Restaurant, Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. C75–1553–GHB |
| Ewald Brothers, Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. C75–1455–GHB |
| State of Minnesota v. Great Western Sugar Co., et al. | Civil Action No. C75–1456–GHB |
| General Bottlers, Inc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1546–GHB |
| King Kelly Marmalade Co., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1545–GHB |
| Scandia Bakery, etc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1424–GHB |
| State of Oregon, etc. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–1441–GHB |
| ITT Continental Baking Co. v. Great Western Sugar Co., et al. | Civil Action No. C75–1544–GHB |
| ITT Continental Baking Co. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1543–GHB |
| E. O. Hudson, Sr., et al. v. Savannah Food and Industries, Inc., et al. | Civil Action No. C76–0014–GHB |
| Smith Cookie Co. v. The Amalgamated Sugar Co., et al. | Civil Action No. C75–1730–GHB |
| Bresler Ice Cream Co. v. Great Western Sugar Co., et al. | Civil Action No. C75–1908–GHB |
| International Industries, Inc., et al. v. California & Hawaiian Sugar Co. | Civil Action No. C75–1909–GHB |
| International Industries, Inc., et al. v. California & Hawaiian Sugar Co. | Civil Action No. C75–1910–GHB |
| International Industries, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1911–GHB |

| | |
|---|---|
| Orange Julius of America v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1912–GHB |
| The Paniplus Co., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75–1973–GHB |
| Passengers Restaurants, Inc. v. Great Western Sugar Co. | Civil Action No. C75–2024–GHB |
| State of Colorado v. Great Western Sugar Co., et al. | Civil Action No. C75–1931–GHB |
| Milford Canning Co. v. Great Western Sugar Co., et al. | Civil Action No. C75–2025–GHB |
| Tri–R Vending Service Co. v. Amalgamated Sugar Co., et al. | Civil Action No. C75–2026–GHB |
| Sethness Greenleaf Inc. v. Amalgamated Sugar Co., et al. | Civil Action No. C75–2027–GHB |
| Courtesy Food Mart, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75–2277–GHB |
| The State of Kansas, etc. v. Great Western Sugar Co., et al. | Civil Action No. C75–2350–GHB |
| The State of Arizona v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–2581–GHB |
| United A. G. Cooperative, Inc. v. Amalgamated Sugar Co., et al. | Civil Action No. C75–1756–GHB |
| Missouri Farmers Association, et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1808–GHB |
| John's Food Centers, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–1824–GHB |
| Benner Tea Co., et al. v. Great Western Sugar Co., et al. | Civil Action No. C75–1957–GHB |
| Harold Freund Baking Co., et al. v. California & Hawaiian Sugar Co. | Civil Action No. C75–2190–GHB |
| CFS Continental–L. A. Inc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C75–2191–GHB |
| Schwan's Sales Enterprises, Inc. v. Amalgamated Sugar Co., et al. | Civil Action No. C75–2457–ACW |
| American Bakeries Co. v. Amalgamated Sugar Co., et al. | Civil Action No. C75–2495–GHB |
| Armand's Inc., et al. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–2561–GHB |
| International Kings Table, Inc. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–2563–GHB |
| International Kings Table, Inc. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–2564–GHB |
| Northwest Packing Co., et al. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–2619–GHB |
| Imperial Preserves, Inc., etc. v. Great Western Sugar Co., et al. | Civil Action No. C76–0085–GHB |
| Goelitz Confectionery Co. v. Amalgamated Sugar Co., et al. | Civil Action No. C76–0113–GHB |
| Topsy's International, Inc. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76–0281–GHB |
| Interstate Brands Corp. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76–0280–GHB |
| Interstate Brands Corp. v. Great Western Sugar Co., et al. | Civil Action No. C76–0288–GHB |
| The State of Indiana v. Great Western Sugar Co. | Civil Action No. C76–0214–GHB |
| Ramiro Martinez, etc. v. Great Western Sugar Co., et al. | Civil Action No. C76–0701–GHB |
| Pepsi-Cola Bottling Co. of Topeka, Inc. v. Great Western Sugar Co., et al. | Civil Action No. C76–0702–GHB |
| The State of Neveda, et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76–0719–GHB |
| Mid-America Dairymen, Inc., et al. v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76–1082–GHB |
| M. A. Lopez Supermarket, Inc., et al. v. Great Western Sugar Co., et al. | Civil Action No. C76–1438–GHB |
| State of Montana, etc. v. Great Western Sugar Co., et al. | Civil Action No. C76–0533–GHB |
| DiGiorio Corp. v. Amstar Corp. | Civil Action No. C76–0544–RFP |
| The State of California v. California & Hawaiian Sugar Co., et al. | Civil Action No. C76–0561–GHB |
| Madelyne Brinker v. Amalgamated Sugar Co., et al. | Civil Action No. C76–0562–GHB |
| State of Wisconsin v. Great Western Sugar Co., et al. | Civil Action No. C75–2400–GHB |
| Clarence Heckel, et al. v. Utah-Idaho Sugar Co., et al. | Civil Action No. C75–2562–GHB |

## SCHEDULE B

### DOCKET NO. 201A—IN RE SUGAR INDUSTRY ANTITRUST LITIGATION (EAST COAST)

#### Eastern District of Pennsylvania

| | |
|---|---|
| Milton W. Freedman, et al. v. Amalgamated Sugar Co., et al. | Civil Action No. 75–515 |
| E. O. Hudson, Sr., et al. v. Savannah Foods & Industries | Civil Action No. 76–3766 |
| Better Bake Shop, Inc., et al. v. Amstar Corp., et al. | Civil Action No. 76–138 |
| Luigi's Trattoria, Inc., etc. v. Amstar Corp. | Civil Action No. 75–2245 |
| Owen & Mowrey, Inc. v. Amstar Corp., et al. | Civil Action No. 75–2621 |
| Leonard Greenberg v. Amstar Corp., et al. | Civil Action No. 75–2519 |
| Pascal's Manale Restaurant, Inc. v. Amstar Corp., et al. | Civil Action No. 75–2520 |
| Montelepre Memorial Hospital, Inc. v. Amstar Corp. | Civil Action No. 75–2521 |
| Stotter & Co. v. Amstar Corp., et al. | Civil Action No. 75–3301 |
| Francois Jacquemoux, Inc., etc. v. Amstar Corp., et al. | Civil Action No. 76–366 |

SCHEDULE C

DOCKET NO. 201—IN RE SUGAR INDUSTRY
ANTITRUST LITIGATION

DOCKET NO. 201A—IN RE SUGAR INDUSTRY
ANTITRUST LITIGATION
(EAST COAST)

### Western District of Pennsylvania

A. C. Jordan, etc. v. Amalgamated Sugar Co., et al. — Civil Action No. 76–878

### Southern District of Florida

A & P Bakery Supply & Equipment Co., Inc. v. Amstar Corp., et al. — Civil Action No. 76–1164–Civ–PF

### Southern District of Ohio

Eugene Klein, etc. v. Amalgamated Sugar Co., et al. — Civil Action No. C–1–76–370

### Northern District of Illinois

Federal Bake Shops, Inc., etc. v. Amalgamated Sugar Co., et al. — Civil Action No. 76 C 2637

Sethness Greenleaf, Inc., etc. v. Amalgamated Sugar Co., et al. — Civil Action No. 76 C 2635

Farm House Foods Corporation v. Great Western Sugar Co., et al. — Civil Action No. 76 C 2702

Continental Coffee Company of Florida v. Amalgamated Sugar Co., et al. — Civil Action No. 76 C 2636

### Central District of California

Sambo's Restaurants, Inc. and M & F Packing Co: v. California & Hawaiian Sugar Co., et al. — Civil Action No. 76–2029–LTL

### Western District of Missouri

State of Missouri, etc. v. Great Western Sugar Co., et al. — Civil Action No. 76 Cv 141 C

### Eastern District of Pennsylvania

Waldorf Bakers, Inc. v. Amstar Corp., et al. — Civil Action No. 76–1672

