In re CROWN LIFE INSURANCE COMPANY PREMIUM LITIGATION.

Roosevelt McCorvey, M.D. v. Crown Life Insurance Co., et al., M.D. Alabama, C.A. No. 2:01–830

MDL No. 1096.

Judicial Panel on Multidistrict Litigation.

Dec. 14, 2001.

Before Wm. Terrell Hodges, Chairman, John F. Keenan, Morey L. Sear, Bruce M. Selya, Julia Smith Gibbons, D. Lowell Jensen and J. Frederick Motz, Judges of the Panel.

### TRANSFER ORDER

HODGES, Chairman.

Presently before the Panel is a motion by plaintiff in this action, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate the Panel's order conditionally transferring the action to the Southern District of Texas for inclusion in the Section 1407 proceedings established there in this docket. Defendant Crown Life Insurance Company (Crown Life) opposes the motion and favors transfer of this action to the Southern District of Texas.

On the basis of the papers filed and hearing session held, the Panel finds that this action involves common questions of fact with actions in this litigation previously transferred to the Southern District of Texas, and that transfer of this action to that district for inclusion in Section 1407 pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer of this action is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Southern District of Texas was the proper Section 1407 forum for actions involving allegations that deceptive life insurance sales practices occurred or were encour-

aged as part of Crown Life schemes or courses of conduct. *See In re Crown Life Insurance Company Premium Litigation,* MDL–1096 (J.P.M.L. Apr. 17, 1996) (unpublished order).

The Panel rejects any suggestion by plaintiff that the status of proceedings in this docket limits either our authority or the transferee judge's authority under Section 1407 in this matter. *See In re "Agent Orange" Products Liability Litigation,* MDL–381 (J.P.M.L. Feb. 3, 1999) (unpublished order). The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole. We note that any anticipated motion to remand this action to Alabama state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L.1973).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Sim Lake for inclusion in the coordinated or consolidated pretrial proceedings established there in this docket.