# In re CESSNA 208 SERIES AIRCRAFT PRODUCTS LIABILITY LITIGATION

**Julie Beth Ingram, et al. v. Cessna Aircraft Co., et al., D. Idaho, C.A. No. 1:05-271**

**Donald Emmons, etc. v. Cessna Aircraft Co., et al., N.D. Illinois, C.A. No. 1:04-8024**

**John David Morris, et al. v. Cessna Aircraft Co., N.D. Texas, C.A. No. 3:05-15**

**Roberta Villanueva, et al. v. Cessna Aircraft Co., et al., D. Utah, C.A. No. 1:05-97**

**No. 1721.**

Judicial Panel on Multidistrict Litigation.

Dec. 7, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL * and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Judge.

This litigation consists of four actions pending, respectively, in the District of Idaho, the Northern District of Illinois, the Northern District of Texas, and the District of Utah. The plaintiff in the Illinois action moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Kansas. Plaintiffs in the other three actions join in this request. Opposed to transfer are i) Cessna Aircraft Corp. (Cessna), the sole common defendant in the four actions, and

ii) Goodrich Corp., an additional defendant named only in the Idaho and Utah actions. In the event the Panel orders transfer over its objections, then Cessna also would favor selection of the District of Kansas as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share questions concerning the testing, design and manufacture of the same model of a Cessna aircraft and the aircraft's deicing system. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the District of Kansas is an appropriate forum in this docket for the following reasons: i) the district is likely to be the location of significant discovery because sole common defendant Cessna is headquartered there and the airplanes at issue in the various MDL–1721 actions were manufactured there; ii) the geographically convenient district is well equipped with the resources that this litigation is likely to require; and iii) the district is the choice of all parties that have expressed a preference on the selection of the transferee forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the four actions listed above are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Ka-

_____

* Judge Vratil took no part in the decision of this matter.

thryn H. Vratil for coordinated or consolidated pretrial proceedings.