**In re: HELICOPTER CRASH NEAR WENDLE CREEK, BRITISH COLUMBIA, ON AUGUST 8, 2002.**

**Sikorsky Aircraft Corp., et al. v. Croman Corp., D. Oregon, C.A. No. 1:07–1483.**

**MDL No. 1649.**

United States Judicial Panel on Multidistrict Litigation.

April 4, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA *, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Defendant Croman Corp. (Croman) has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate our order conditionally transferring the action to the District of Connecticut for inclusion in MDL No. 1649. Plaintiffs Sikorsky Aircraft Corp. and Helicopter Support, Inc., oppose the motion to vacate.

■ After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the District of Connecticut, and that transfer of this action to the District of Connecticut for inclusion in MDL No. 1649 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of Connecticut was a proper Section 1407 forum for actions concerning the cause or causes of the crash of a helicopter near Wendle Creek, British Columbia, on August 8, 2002. *See In re Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002,* 350 F.Supp.2d 1358 (J.P.M.L.2004).

■ Defendant Croman argues against transfer, *inter alia,* that the transferee judge previously dismissed similar claims from the transferee district for lack of jurisdiction. Based upon the Panel's prec-

edents and for the following reasons, we respectfully disagree with this argument. In considering transfer under Section 1407, the Panel is not encumbered by considerations of in personam jurisdiction and venue. *See, e.g., In re "Agent Orange" Prod. Liab. Litigation,* 818 F.2d 145, 163 (2d Cir.1987) ("Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer."); *In re FMC Corp. Patent Litigation,* 422 F.Supp. 1163, 1165 (J.P.M.L.1976). We also reject any suggestion by the defendant that the status of proceedings in this docket limits either our authority or the transferee judge's authority under Section 1407 in this matter. *See In re Crown Life Ins. Co. Premium Litigation,* 178 F.Supp.2d 1365, 1366 (J.P.M.L. 2001). Indeed, the transferee judge has developed a familiarity with the allegations, issues, parties and counsel involved in this docket, which will further the expeditious resolution of the litigation taken as a whole.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Stefan R. Underhill for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

\* Judge Scirica took no part in the decision of this matter.