**In re: CESSNA 208 SERIES AIR-
CRAFT PRODUCTS LIABILI-
TY LITIGATION.**

**MDL No. 1721.**

United States Judicial Panel on
Multidistrict Litigation.

June 9, 2008.

---

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Common
defendant Cessna Aircraft Co. (Cessna) in

the six actions listed on Schedule A and
pending in the Western District of Wash-
ington (five actions) and Southern District
of New York (one action), respectively,
moves, pursuant to Rule 7.4, R.P.J.P.M.L.,
199 F.R.D. 425, 435–36 (2001), to vacate
our orders conditionally transferring the
actions to the District of Kansas for inclu-
sion in MDL No. 1721. Responding plain-
tiffs oppose the motions to vacate.

After considering all argument of coun-
sel, we find that these six actions involve
common questions of fact with those ac-
tions previously transferred to the District
of Kansas, and that transfer of the actions
to the District of Kansas for inclusion in
MDL No. 1721 will serve the convenience
of the parties and witnesses and promote
the just and efficient conduct of the litiga-
tion. We further find that transfer is ap-
propriate for reasons that we set out in
our original order directing centralization
in this docket. In that order, we held that
the District of Kansas was a proper Sec-
tion 1407 forum for actions sharing factual
questions concerning the testing, design
and manufacture of the same model of a
Cessna aircraft and the aircraft's deicing
system. *See In re Cessna 208 Series Air-
craft Products Liability Litigation,* 408
F.Supp.2d 1349 (J.P.M.L.2005).

In opposing transfer, Cessna principally
argues that MDL No. 1721 is at an ad-
vanced stage, such that adding new actions
will not serve the goals of eliminating du-
plicative discovery, preventing inconsistent
pretrial rulings, and conserving the re-
sources of the parties, their counsel, and
the judiciary. Based upon the Panel's
precedents and for the following reasons,
we respectfully disagree with this argu-
ment. Transfer under Section 1407 has
the salutary effect of placing related ac-
tions before a single judge who can formu-
late a pretrial program that ensures that

---

\* Judge Vratil took no part in the disposition of    this matter.

pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions. *See In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). That is especially true here, where the docket was created in December 2005, and the transferee judge has developed a close familiarity with the allegations, issues, parties, and counsel. *See In re Crown Life Insurance Premium Litigation*, 178 F.Supp.2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Should the transferee judge determine that the continued inclusion of a claim or action in MDL No. 1721 no longer remains advisable, and she thus deems Section 1407 remand of that claim or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38. In the meantime, transfer under Section 1407 will offer the benefit of placing these related actions before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in the other actions. *See In reFedex Ground Package System, Inc., Employment Practices Litigation (No. II)*, 381 F.Supp.2d 1380, 1382 (J.P.M.L.2005).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Kathryn H. Vratil for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

## SCHEDULE A

MDL No. 1721 — **IN RE: CESSNA 208 SERIES AIRCRAFT PRODUCTS LIABILITY LITIGATION**

*Southern District of New York*

*Emma Konstantinovna P'Yanina, et al. v. Cessna Aircraft Co., et al.*, C.A. No. 1:07–10403

*Western District of Washington*

*Daniel Jones, et al. v. Cessna Aircraft Co., et al.*, C.A. No. 2:07–1908

*Gary Smith, et al. v. Cessna Aircraft Co., et al.*, C.A. No. 2:07–1931

*Mitchell Rasberry, etc. v. Cessna Aircraft Co., et al.*, C.A. No. 2:07–2001

*Dennis Craig, et al. v. Cessna Aircraft Co., et al.*, C.A. No. 2:08–72

*Stephen L. Eisner, etc. v. Cessna Aircraft Co., et al.*, C.A. No. 2:08–135